IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JAMES SCOTT, :
    Plaintiff :
: No. 1:21-cv-1146
    v. :
: (Judge Rambo)
F. BALDAUF, *et al.*, :
    Defendants :

# MEMORANDUM

On June 28, 2021, *pro se* Plaintiff Edward James Scott ("Plaintiff"), who is currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants CRNP F. Baldauf ("Baldauf"), RNS Sean McCorkle ("McCorkle"), Nurse Supervisor Rob Lynch ("Lynch"), RNS C. Monthony ("Monthony"), Superintendent Kevin Kauffman ("Kauffman"), and Security Lieutenant T. Walker ("Walker"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss his complaint.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## I. BACKGROUND

On July 20, 2020, Plaintiff submitted a sick call slip to have his ears cleaned out. (Doc. No. 1 at 6.) He alleges that Defendant Baldauf came to his cell and told him that he would be called to the medical department. (*Id.*) Plaintiff avers that he never filled out a cash slip and that Defendant Baldauf forged his name "to take money out of [his] account." (*Id.*) On August 11, 2020, Plaintiff submitted a request slip, asserting that someone had forged his name and that the medical department had stolen money from his account. (*Id.*) Defendant McCorkle responded that Plaintiff had been seen on July 21, 2020. (*Id.*) He stated that Defendant Baldauf had ordered ear drops and that she flushed Plaintiff's ear on July 22, 2020. (Doc. No. 1-2 at 2.) Plaintiff submitted another request slip on August 14, 2020, and Defendant Lynch responded that Plaintiff had been seen and charged appropriately. (*Id.*)

On August 19, 2020, Plaintiff asked inmate accounts for a copy of the cash slip and received the requested copy on August 21, 2020. (*Id.*) Plaintiff requested to talk to security about the forged name. (*Id.*) Defendant Walker "said he would investigate the situation [but Plaintiff] heard nothing back from him." (*Id.*) On August 23, 2020, Plaintiff submitted a grievance, and it was denied at initial review by Defendant Monthony on September 14, 2020. (*Id.*) Plaintiff appealed to Defendant Kauffman. (*Id.* at 7.) Defendant Kauffman upheld his grievance in part

because Plaintiff did not fill out the cash slip, and he noted that Plaintiff would be refunded the $5.00. (Doc. No. 1-4 at 3.) He denied the grievance to the extent Plaintiff requested that criminal charges be filed. (*Id.*) Plaintiff subsequently appealed to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Doc. No. 1 at 7.) On June 7, 2021, Plaintiff's grievance was upheld on final review in part "due to evidence that [he] did not sign the cash slip in question; therefore, [he was] refunded the $5.00 co-pay charge." (Doc. No. 1-5 at 5.) The grievance was denied in part to the extent Plaintiff requested to file criminal charges. (*Id.*)

Based on the foregoing, Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights. (Doc. No. 1 at 9.) He seeks declaratory and injunctive relief, damages, an investigation of the medical department, and for criminal charges to be filed against Defendant Baldauf. (*Id.*)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners

proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure

4

12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine

5

whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action

6

under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Complaint

#### 1. Eighth Amendment Claims

In his complaint, Plaintiff suggests that Defendant Baldauf violated his Eighth Amendment rights by "deliberately and intentionally [forging his] signature without [his] knowledge or consent." (Doc. No. 1 at 9.) He also suggests that the "remaining Defendants have shown a deliberate indifference of the crime of forgery." (*Id.*) Eighth Amendment claims have both objective and subjective components. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Id.*

In order to succeed on a claim as to one's conditions of confinement, a plaintiff must establish that: "(1) he was incarcerated under conditions imposing a substantial risk of serious harm, (2) the defendant-official was deliberately

7

indifferent to that substantial risk to his health and safety, and (3) the defendant-official's deliberate indifference caused him harm." *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2015), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, conditions of imprisonment violate the Eighth Amendment only if they, "alone or in combination . . . deprive inmates of the minimal civilized measures of life's necessities." *See id.* at 347. Such necessities include "adequate food, clothing, shelter, and medical care." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff's complaint simply does not set forth a plausible Eighth Amendment claim against any of the Defendants. While the Court does not condone the alleged forgery of Plaintiff's signature, nothing in the complaint suggests that Defendants deprived Plaintiff of the minimal civilized measures of life's necessities. Indeed, Plaintiff received medical care and then was refunded the $5.00 co-pay charge because he did not fill out the cash slip. Moreover, prisoners "do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." *Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674 (3d Cir. 2011). The actions of which Plaintiff complaint simply do

8

not rise to the level of extreme deprivations sufficient to maintain an Eighth Amendment claim. *See Lanza v. Moclock*, No. 3:17-cv-1318, 2018 WL 3060030, at *9 (M.D. Pa. June 20, 2018) (dismissing the inmate-plaintiff's Eighth Amendment claim regarding being charged medical co-pays). His Eighth Amendment claims will, therefore, be dismissed.

### 2. Fourteenth Amendment Claims

#### a. Due Process

Plaintiff also suggests that Defendants violated his Fourteenth Amendment due process rights, presumably by initially deducting the $5.00 co-pay from his inmate account without his authorization. (Doc. No. 1 at 9.) "Inmates have a property interest in funds held in prison accounts" and, therefore, "are entitled to due process with respect to any deprivation of this money." *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997). As the Third Circuit has noted with respect to medical co-pays, they are not assessed in situations where "inmates are deprived of the benefits of their property and receive nothing in return; rather in exchange for the fees, the inmates receive the benefit of health care, the value of which undoubtedly exceeds the modest fee assessed." *Id.* at 180. In the instant case, Plaintiff's complaint and exhibits thereto reflect that his due process rights were not violated because he successfully utilized an adequate post-deprivation remedy—the Department of Corrections ("DOC")"s grievance system—to challenge the

assessment of the $5.00 co-pay. *See Dockery v. Beard*, 509 F. App'x 107, 114 (3d Cir. 2013); *Lanza*, 2018 WL 3060030, at *10. Moreover, to the extent Plaintiff alleges that Defendant Walker violated his rights by not investigating his claims of forgery, "there is no constitutional right to the investigation or prosecution of another." *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011). The Court, therefore, will dismiss Plaintiff's Fourteenth Amendment due process claims.

### b. Equal Protection

Finally, Plaintiff suggests that his Fourteenth Amendment equal protection rights were violated, asserting that if he "was a citizen in the community and made a criminal complaint, [Defendant] Baldauf would be arrested after an investigation." (Doc. No. 1 at 9.) The Equal Protection Clause requires all persons "similarly situated" to be treated alike by state actors. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Traditionally, "[i]n order to establish a *prima facie* case of discrimination under the Equal Protection Clause, [plaintiffs] need[] to prove that they were members of a protected class [such as race or gender] and that they received different treatment than that received by similarly-situated individuals." *See Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002). However, where a plaintiff alleges that he alone "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," he may raise a "class of one" equal protection claim. *See Engquist v.*

*Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008). To maintain such a claim, a plaintiff must establish that he has been irrationally singled out for disparate treatment. *See id.* "[A]t the very least, to state a claim under [a class of one theory], a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007). When alleging the existence of similarly situated individuals, plaintiffs "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not suffice. *See Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

As an initial matter, neither prisoners nor indigent individuals constitute a suspect class. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2011). Thus, Plaintiff fails to allege that he is a member of a suspect class. Likewise, Plaintiff fails to allege facts suggesting that he was intentionally treated differently from other similarly situated individuals. Plaintiff's allegations amount to nothing more than conclusory language and bald assertions. *See Young*, 160 F. App'x at 266. The Court, therefore, will dismiss Plaintiff's Fourteenth Amendment equal protection claim.

### B. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court concludes that it would be futile to grant Plaintiff leave to file an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). Plaintiff will not be granted leave to file an amended complaint.

An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: July 7, 2021